UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ——————————————————— x | | |
| DENNIS BORN and MARILYNN BORN, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:19-cv-10376-VEC<br><br>CLASS ACTION |
| Plaintiffs, | : : : | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS |
| vs. | : : | LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI and DAVID J. HONAN, | : : : | |
| Defendants. | : : : | |
| ——————————————————— x | | |

## I.     INTRODUCTION

Presently pending in this Court is a class action lawsuit brought on behalf of purchasers of Quad/Graphics, Inc. ("Quad" or the "Company") securities between February 21, 2018 and October 29, 2019, inclusive (the "Class Period") against Quad, Chief Executive Officer J. Joel Quadracci and Chief Financial Officer David J. Honan for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Alaska Electrical Pension Fund (the "Pension Fund") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  Accordingly, the Pension Fund should be appointed Lead Plaintiff and its selection of counsel should be approved.

## II.     FACTUAL BACKGROUND

Quad purports to provide a data-driven, integrated marketing solutions platform to help clients reduce complexity, increase efficiency, and enhance marketing spend effectiveness. According to the Company, it uses its data-driven print expertise to help clients plan, produce,

deploy, and manage marketing programs across traditional and digital channels. The Company is incorporated under the laws of Wisconsin with its principal executive offices located in Sussex, Wisconsin. Quad's Class A common stock trades on the New York Stock Exchange under the ticker QUAD.

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. *See* ECF No. 1 at ¶5. Specifically, the complaint alleges that defendants failed to disclose: (1) that the Company's book business in the United States was underperforming; (2) that, as a result of the forgoing, the Company was likely to divest its book business; (3) that the Company was unreasonably vulnerable to decreases in market prices; and (4) in order to remain financially flexible while market prices decreased, the Company was likely to cut its quarterly dividend and expand its cost reduction programs. *Id*. As a result of this information being withheld from the market, Quad securities traded at artificially inflated prices during the Class Period, with the price of the Company's stock reaching a high of more than $30 per share.

On October 29, 2019, Quad slashed its quarterly dividend by 50% to $0.15 per share, announced plans to divest its book business, reported third quarter 2019 financial results, and lowered its fiscal 2019 guidance. *Id*. at ¶32. The press release stated, in part:

> "We are making bold decisions to accelerate our transformation through investments in our business that will drive long-term growth and shareholder value, and provide us with the ability to take advantage of opportunities in the rapidly changing print industry," said Joel Quadracci, Chairman, President & CEO. "Our Quad 3.0 transformation strategy is working as evidenced by $125 million of expected organic incremental sales growth in 2019, which helps offset over three percentage points of annual print sales decline. . . . We have made the strategic decision to divest our book business, which follows our recent sale of our non-core industrial wood crating business, Transpak. We will continue to optimize our product portfolio for the long-term to advance our Quad 3.0 transformation strategy. We've also made the decision to further streamline costs through our $50 million cost reduction program and proactively reset the dividend to provide additional financial flexibility for growth-

focused opportunities that address our clients' evolving needs and to maintain a strong balance sheet over the long term."

*Id*.

Then, on October 30, 2019, Quad held a conference call with analyst, investors, and the media to discuss these results.  During the call, defendants Quadracci and Honan attributed the disappointing performance to "lower market prices on paper byproduct recoveries," which would "impact full year 2019 adjusted EBITDA by at least $25 million."  *Id*. at ¶34.

On the October 29-30, 2019 disclosures, Quad's share price suffered ***a two-day decline of over 55%***, causing significant harm to investors.

## III.    ARGUMENT

### A.    The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund meets each of these requirements and should be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

On November 7, 2019, notice of the complaint was published on *Business Wire* and advised class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days of the notice, *i.e.*, by January 6, 2020.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because the Pension Fund's motion is timely filed, the Pension Fund is eligible for appointment as lead plaintiff.

### 2.    The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund purchased 46,800 Quad shares and suffered over $442,500 in losses due to defendants' alleged misconduct.[1]  *See* Rosenfeld Decl., Exs. B, C.  To the best of its counsel's knowledge, no plaintiff claims a larger financial interest than the Pension Fund.  Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.    The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to

---

[1]    The Pension Fund's loss is the same under both the "last in, first out" and "first in, first out" loss calculation methods.

the determination of lead plaintiff under the PSLRA.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (citation omitted).

"With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *6 (S.D.N.Y. Mar. 13, 2018) (citation omitted). Here, the Pension Fund alleges that it purchased Quad securities during the Class Period in reliance on defendants' allegedly materially false and misleading statements (or without knowledge of the omitted information) and suffered damages resulting from the artificially inflated price of Quad securities. Accordingly, the Pension Fund satisfies the typicality requirement.

"The adequacy requirement is satisfied where the proposed lead plaintiff 'fairly and adequately protect[s] the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4)). "The presumptive lead plaintiff meets this requirement when this plaintiff: (1) has no conflict of interest with the other members of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Id.* The Pension Fund satisfies these requirements. The Pension Fund is not aware of any potential conflicts of interest or any matters that would preclude it from fulfilling its duties as lead plaintiff. Additionally, the Pension Fund's substantial losses provide the requisite interest to ensure vigorous advocacy. And, as explained below, the Pension Fund has selected experienced and qualified counsel with two offices in this State and one in this District.

"Additionally, courts have a preference for appointing institutional investors as lead plaintiffs." *Id.* The Pension Fund is a multiemployer employee pension plan with approximately $1.5 billion in assets under management overseen for the benefit of over 10,000 participants and

beneficiaries.[2]  Not only is the Pension Fund a sophisticated institutional investor, but it also possesses prior successful experience serving as a lead plaintiff and class representative, and is ready, willing, and able to fulfill these duties again in this litigation.  *See, e.g.*, *Alaska Elec. Pension Fund. v. Pharmacia Corp.*, No. 3:03-cv-01519-AET-TJB, ECF No. 403 (D.N.J. Jan. 30, 2013) (Pension Fund obtaining final approval of $164 million settlement as lead plaintiff in PSLRA case); *Alaska Elec. Pension Fund v. Bank of Am., N.A.*, 2018 WL 8581152, at *2 (S.D.N.Y. Nov. 13, 2018) (Pension Fund, as class representative, obtaining final approval of settlements against 14 of the world's largest banks, totaling $504.5 million, in long-running and complex antitrust class action). The Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001).

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### B.  The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v).  "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'"  *Micholle*, 2018 WL 1307285, at *10 (citation omitted).  The Pension Fund has selected Robbins Geller to serve as lead counsel in this case.

---

[2]    The Pension Fund's website, https://www.aetf.com/pension.asp, contains additional information about its management, policies, and financials.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3] District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex class action cases. *See, e.g.*, *Samit v. CBS Corp.*, No. 1:18-cv-07796-VEC, ECF No. 43 at 4 (S.D.N.Y. Nov. 30, 2018) ("The Court is familiar with Robbins Geller and, having reviewed the firm's résumé . . . 'agrees with other courts in this district that Robbins Geller is "qualified, experienced, and able to conduct the litigation."'") (citation omitted); *Patel v. L-3 Commc'ns Holdings Inc.*, No. 1:14-cv-06038-VEC, ECF No. 23 at 4 (S.D.N.Y. Oct. 20, 2014) (appointing Robbins Geller as lead counsel and "'agree[ing] with other courts in this district that Robbins Geller is "qualified, experienced, and able to conduct the litigation"'") (citation omitted); *Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, No. 1:19-cv-00235-VEC, ECF No. 46 (S.D.N.Y. Mar. 22, 2019) (appointing Robbins Geller as co-lead counsel); *see also Micholle*, 2018 WL 1307285, at *10 (appointing Robbins Geller as lead counsel and finding that the Firm "is experienced and qualified, has represented plaintiffs in multiple other securities class action litigations, and has the ability to conduct the litigation effectively"); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 3015) ("Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So

---

[3]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job.  Congratulations.").

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4]  And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

---

[4]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## IV.    CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  January 6, 2020                             Respectfully submitted,

                                                   ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                   SAMUEL H. RUDMAN
                                                   DAVID A. ROSENFELD
                                                   VINCENT M. SERRA


                                                            *s/ David A. Rosenfeld*
                                                   DAVID A. ROSENFELD

                                                   58 South Service Road, Suite 200
                                                   Melville, NY  11747
                                                   Telephone:  631/367-7100
                                                   631/367-1173 (fax)
                                                   srudman@rgrdlaw.com
                                                   drosenfeld@rgrdlaw.com
                                                   vserra@rgrdlaw.com

                                                   ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                   DARREN J. ROBBINS
                                                   DANIELLE S. MYERS
                                                   MICHAEL ALBERT
                                                   655 West Broadway, Suite 1900
                                                   San Diego, CA  92101
                                                   Telephone:  619/231-1058
                                                   619/231-7423 (fax)
                                                   darrenr@rgrdlaw.com
                                                   dmyers@rgrdlaw.com
                                                   malbert@rgrdlaw.com

                                                   [Proposed] Lead Counsel for [Proposed] Lead
                                                   Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-10376-VEC Born et al v. Quad/Graphics, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Robert Allen Scher**
  rscher@foley.com,ebeer@foley.com,smorano@foley.com,docketflow@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)