**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DENNIS BORN and MARILYNN BORN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:19-cv-10376-VEC |
| Plaintiff, | ) ) ) | CLASS ACTION |
| | ) ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) ) | |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN, | ) ) ) ) | |
| Defendants. | ) ) | |
| VALERIE BLOOM, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 1:19-cv-11860-VEC |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF HANI ANKLIS FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF HIS SELECTION OF LEAD COUNSEL AND LOCAL
COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

SUMMARY OF THE RELATED ACTIONS .............................................................. 2

ARGUMENT.................................................................................................................... 4

    A.     Anklis Is The Most Adequate Plaintiff........................................................... 4

          1.     Anklis Believes He Has The Largest Financial Interest In The Relief Sought By The Class.............................................................................................................5

          2.     Anklis Satisfies The Requirements Of Rule 23 .........................................5

    B.     Anklis Selected Well-Qualified Counsel To Represent The Class.................. 7

    C.     Consolidation Of All Related Actions Is Warranted ........................................ 8

CONCLUSION................................................................................................................ 9

Hani Anklis ("Anklis") respectfully submits this memorandum of law in support of his motion (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) for approval of his selection of Gibbs Law Group LLP as Lead Counsel for the Class and Bleichmar Fonti & Auld LLP ("BFA") as Local Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Federal Rule of Civil Procedure 42(a); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

These related securities class actions allege that Quad/Graphics, Inc. and its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  The actions allege that during the Class Period ranging from February 22, 2017, through October 29, 2019, Defendants made materially false statements and failed to disclose material adverse facts about Quad's business, operations, and prospects.[1]  Specifically, the actions allege that Defendants misrepresented the performance of Quad's legacy book business in the United States, concealing the truth that Quad's book business was underperforming and that the company was vulnerable to decreases in market prices in the industry.  Relatedly, Defendants concealed that due to the underperformance of the book business, Quad was likely to divest the business, cut is quarterly dividend, and expand certain cost reduction programs in order to remain financially flexible.

---

[1] While the actions assert different class periods, for purposes of appointing a Lead Plaintiff, the broadest potential class period governs.  *See Villella v. Chemical & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *5 n.5 (S.D.N.Y. Oct. 14, 2015).

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court should determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23(a).  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Anklis is the "most adequate plaintiff" by virtue of, among other things, the approximately $1.7 million in losses as calculated on a first-in, first-out ("FIFO") basis and the approximately $1 million in losses as calculated on a last-in, first-out ("LIFO") basis that he incurred on his investments in Quad securities during the Class Period.  Anklis also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.  Indeed, Anklis fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Anklis has selected Gibbs Law Group and BFA, law firms with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel and Local Counsel for the Class.  Accordingly, Anklis respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## SUMMARY OF THE RELATED ACTIONS

Founded as printing company in 1971, Quad enjoyed approximately forty years of organic growth in a period the company refers to as "Quad 1.0."  ¶16.[2]  Beginning in 2010, in the wake of

---

[2] All citations to ¶__ refer to the complaint filed in *Bloom v. Quad/Graphics, Inc*, 1:19-cv-11860, ECF No. 1 (S.D.N.Y. filed, Dec. 27, 2019) ("*Bloom*"), unless otherwise indicated.

the 2008 financial collapse, the company entered "Quad 2.0" in which it acquired smaller companies such as World Color Press, Inc., Vertis Holdings Inc., and Brown Printing Company. *Id*. Most recently, in "Quad 3.0," the company has attempted to extend its offerings beyond printing to include integrated marketing services by using its data-driven print expertise to help its clients develop and deploy marketing programs. ¶17.

During the Class Period, the company misrepresented the true state of its underperforming legacy book business, the sustainability of its dividend, and the company's overall operations and prospects. ¶¶4, 33-34. As a result of Defendants' false and misleading statements and omissions, the price of Quad securities traded at artificially inflated prices during the Class Period. ¶48.

On October 29, 2019, Quad announced disappointing financial results for the third quarter of 2019. Among other revelations, the company: (1) slashed its quarterly dividend by 50% to $0.15 per share; (2) announced it would divest its book business which had previously generated annual sales of $200 million; (3) expanded its cost reduction programs; and (4) lowered its 2019 fiscal year guidance. ¶36. Then, on October 30, 2019, Defendants held a conference call with analysts to discuss Quad's third quarter financial results. During the call, Defendants attributed the poor quarterly performance to "lower market prices on paper byproduct recoveries," that would "impact full year 2019 adjusted EBITDA by at least $25 million." ¶38.

Analysts were stunned. For example, a Buckingham Research analyst wrote that the research firm was "absolutely shocked by these developments given the confidence management had just three months ago." ¶37. On this news, Quad's share price fell $6.42 per share, from $11.27 per share to $4.85 per share, nearly 57%, on October 30, 2019. ¶39.

3

## ARGUMENT

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On November 7, 2019, Plaintiffs Dennis Born and Marilynn Born filed the first of the related actions and alleged that Defendants defrauded investors during the period of February 21, 2018, to October 29, 2019.  *See Born v. Quad/Graphics, Inc.*, No. 1:19-cv-10376, ECF No. 1 at ¶1.  On the same day, counsel for Mr. and Ms. Born published a notice on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by January 6, 2020.  *See* Bleichmar Decl. Ex. B.

On December 27, 2019, Plaintiff Valerie Bloom filed a substantially similar action against Quad which expanded the start of the Class Period from February 21, 2018, to February 22, 2017.  *See Bloom* ECF No. 1 at ¶1.  Also on December 27, 2019, counsel for Ms. Bloom published a notice on *Business Wire* alerting investors to the expanded Class Period and reminding them of the deadline on January 6, 2020, to seek to serve as Lead Plaintiff.  *See* Bleichmar Decl. Ex. C.  Accordingly, Anklis satisfies the PSLRA's 60-day requirement through the filing of this motion.

### A.    Anklis Is The Most Adequate Plaintiff

Anklis respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

4

1.    **Anklis Believes He Has The Largest Financial Interest In The Relief Sought By The Class**

Anklis should be appointed Lead Plaintiff because he believes he has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Anklis incurred total losses of approximately $1.7 million FIFO / $1 million LIFO from his investments in Quad securities during the Class Period.[3]  To the best of Anklis' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Anklis believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

2.    **Anklis Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Anklis satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that the movant satisfies the adequacy and typicality requirements of Rule 23(a).  *Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (citation omitted).  Here, Anklis unquestionably satisfies both requirements.

Anklis' claims are typical of the claims of other purchasers of Quad securities.  Typicality is satisfied when each class member's claims "arise from the same course of events, and the other class members make similar legal arguments to prove liability."  *Id.*  Here, Anklis' and all other class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other class members, Anklis: (1) purchased

---

[3] Anklis' PSLRA-required Certification is attached as Exhibit A to the Bleichmar Decl. submitted herewith.  A chart setting forth calculations of Anklis' financial interest is attached as Exhibit D to the Bleichmar Decl.

5

Quad securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged as a result. *Id.* at *2-3 (typicality satisfied when movant "claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an artificially inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class"). As such, Anklis is typical of the class he seeks to represent.

Anklis likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See Lopez v. CTPartners Executive Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). Anklis satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. Anklis' interests are aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Anklis and other class members. Indeed, Anklis is well-aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel.

Further, Anklis has demonstrated his adequacy through his selection of Gibbs Law Group as Lead Counsel and BFA as Local Counsel to represent the Class in this action. As discussed more fully below, Gibbs Law Group and BFA are highly qualified and experienced in the area of

6

securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.     Anklis Selected Well-Qualified Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Aude v. Kobe Steel, Ltd.*, 17-CV-10085 (VSB), 2018 WL 1634872 at \*4 (S.D.N.Y. Apr. 4, 2018) (internal quotation omitted).

Gibbs Law Group, Anklis' choice for Lead Counsel for the Class, is highly experienced in prosecuting complex litigation generally and securities and other financial litigation in particular. Indeed, the firm and its lawyers have developed a reputation for excellence among courts nationwide and have achieved highly favorable resolutions for investors in securities and financial fraud class actions. *See* Gibbs Law Group Firm Resume, attached as Ex. E to the Bleichmar Decl. (listing the firm's relevant experience including in *In re Am. Express Fin. Advisors Sec. Litig.*, No. 04-cv-01773 (S.D.N.Y.) (recovering $100 million); *In re Peregrine Fin. Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill.) (resolutions delivered more than $75 million to investors); and *Roth v. Aon Corp.*, No. 04-cv-06835 (N.D. Ill.) (recovering $30 million for investors).

Similarly, BFA, Anklis' choice for Local Counsel for the Class, is among the foremost securities class action law firms in the country. BFA's partners have represented investors and secured significant recoveries in some of the most prominent securities fraud cases in recent decades. The firm's recent matters include a $234 million recovery in *In re MF Global Holdings Sec. Litig.*, 1:11-cv-07866-VM (S.D.N.Y.); a $219 million recovery in *In re Genworth Financial Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), the largest securities class action recovery ever

7

achieved in the Eastern District of Virginia; and a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd.*, 1:12-cv-02121-LAK (S.D.N.Y.).  *See* BFA's Firm Resume, attached as Ex. F to the Bleichmar Decl.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Anklis' selection of Gibbs Law Group as Lead Counsel for the Class and BFA as Local Counsel for the Class.

## C.    Consolidation Of All Related Actions Is Warranted

There are at least two related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|------|-----------|------------|
| *Born v. Quad/Graphics, Inc.* | 1:19-cv-10376-VEC | November 7, 2019 |
| *Bloom v. Quad/Graphics, Inc.* | 1:19-cv-11860-VEC | December 27, 2019 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act against identical Defendants, relating to substantially similar periods of time, and are premised upon the same types of misstatements regarding Quad's book business and the company's overall operations and prospects.  Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here. *See On Deck Capital*, 2016 WL 889535, at *2 (consolidating cases "alleging the same violations of the Exchange Act, by similar parties, and based on the same conduct").  While *Bloom* and *Born* assert different class periods (see *supra* at 4), that minor difference does not counsel against consolidation.  *See Villella*, 2015 WL 6029950, at *5 (securities class actions asserting different class periods did not "change[] the substantial similar nature of the two actions or mitigate[] the benefits of consolidation").  Accordingly, consolidation is appropriate under Rule 42(a).

**CONCLUSION**

For the reasons discussed above, Anklis respectfully requests that the Court:  (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of Gibbs Law Group as Lead Counsel for the Class and BFA as Local Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.


Dated:  January 6, 2020                                      Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

/s/ Javier Bleichmar
Javier Bleichmar
Ross Shikowitz
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com
rshikowitz@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff Hani Anklis and Proposed Local Counsel for the Class*

**GIBBS LAW GROUP LLP**
Eric H. Gibbs (*pro hac vice forthcoming)*
David Stein (*pro hac vice forthcoming*)
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimle: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com

*Counsel for Proposed Lead Plaintiff Hani Anklis and Proposed Lead Counsel for the Class*

9