- ii -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS BORN and MARILYNN BORN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-10376-VEC |
| Plaintiff, | CLASS ACTION |
| v. | |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN, | |
| Defendants. | |
| VALERIE BLOOM, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-11860-VEC |
| Plaintiff, | CLASS ACTION |
| v. | |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE QUAD/GRAPHICS, INC. INVESTOR GROUP'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..........................................................................................................1

II.     FACTUAL BACKGROUND..........................................................................................2

III.    ARGUMENT...................................................................................................................4

      A.      The Related Actions Should Be Consolidated..........................................................4

      B.      Movants Should Be Appointed Lead Plaintiff..........................................................5

            1.      Movants' Motion Is Timely..............................................................................6

            2.      Movants Have The Largest Financial Interest In The Relief
                Sought By The Class...........................................................................................6

            3.      Movants Satisfy The Requirements Of Rule 23 .............................................6

      C.      The Court Should Approve Movants' Selection Of Counsel ....................................9

IV.     CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berdeaux v. Onecoin Ltd.*,
   2019 U.S. Dist. LEXIS 139372 (S.D.N.Y. July 11, 2019) ......................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................................5

F*ox v. Camelot Info. Sys.*,
   2012 U.S. Dist. LEXIS 89486 (S.D.N.Y. June 6, 2012) .........................................................9

*Glavan v. Revolution Lighting Technologies, Inc.*,
   2019 U.S. Dist. LEXIS 125960 (July 29, 2019 S.D.N.Y.) ....................................................10

*Goldstein v. Puda Coal, Inc.*,
   827 F. Supp. 2d 348 (S.D.N.Y. 2011).....................................................................................8

*Kraft v. Third Coast Midstream, LLC*,
   2019 U.S. Dist. LEXIS 213665 (S.D.N.Y. Dec. 11, 2019) .....................................................6

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016)...................................................................................1, 7

*Peters v. Jinkosolar Holding Co., Ltd.*,
   2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) .......................................................9

*In re Petrobras Sec. Litig.*,
   104 F. Supp. 3d 618 (S.D.N.Y. 2015)......................................................................................9

*Reimer v. Ambac Fin. Grp., Inc.*,
   2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) .........................................................9

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) .............................................................................................4

*Stone v. Agnico-Eagle Mines, Ltd.*,
   280 F.R.D. 142 (S.D.N.Y. 2012) .............................................................................................4

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................................5

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(i) ...........................................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ....................................................................................................5

15 U.S.C. § 78u-4(a)(1) ...................................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) .........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc) .....................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...........................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) .....................................................................................................2, 9

## I.      INTRODUCTION

Both of the above-referenced securities class actions pending before this Court are brought on behalf of persons who purchased or otherwise acquired Quad/Graphics, Inc. ("Quad" or the "Company") securities between February 22, 2017 and October 29, 2019.  The cases commonly seek to recover compensable damages caused by Defendants' violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Accordingly, Movants Larry Ameling and Sameer Tuffaha (together, the "Quad/Graphics, Inc. Investor Group"  or "Movants") hereby move to consolidate the two above-captioned securities class actions, which present common questions of fact and law such that consolidation will promote judicial economy.

In addition, Movants move for appointment as lead plaintiff.  The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws and requires a court to appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i).  "The PSLRA establishes a rebuttable presumption that the 'most adequate plaintiff' is the one who: (1) 'filed the complaint or made a motion in response to a notice,' (2) 'has the largest financial interest in the relief sought by the class,' and (3) 'otherwise satisfies the requirements of [Federal Rule of Civil Procedure] Rule 23.'  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc)." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016).

Here, Movants respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Movants' motion is timely, and their losses of $58,071.40 in connection with their purchases of Quad securities during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Declaration of Reed Kathrein in Support of the Quad/Graphics, Inc. Investor Group's

- 1 -

Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Their Selection of Counsel ("Kathrein Decl."), Exs. A & B.  In addition to asserting the largest financial interest, Movants satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class.  *See infra* Section III.3.a., b.

Finally, Movants move for approval of their choice of counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), which has the requisite experience, resources and track record to represent the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.      FACTUAL BACKGROUND

Quad is a marketing solutions provider that claims to help clients "reduce complexity, increase efficiency, and enhance marketing spend effectiveness."  Complaint ¶ 17, *Born v. QUAD/Graphics, Inc.*, et al., No. 1:19-cv-10376 (S.D.N.Y. November 7, 2019), ECF No. 1 ("Born Compl.").  Quad's common stock trades on the New York Stock Exchange ("NYSE") under the stock symbol "QUAD".  At all times during the Class Period, Defendant J. Joel Quadracci ("Quadracci") was the Company's Chief Executive Officer (CEO), and David J. Honan ("Honan"), was the Company's Chief Financial Officer (CFO).  Born Compl. ¶¶ 14-15.  The Company purportedly uses its data-driven print expertise to help clients plan, produce, deploy, and manage marketing programs across traditional and digital channels. In February 2019, the Company announced that it was evolving its brand from Quad/Graphics to Quad to reflect an extension of the Company's offerings beyond print and content execution to include an integrated stack of marketing services – a new stage in the Company's evolution dubbed "Quad 3.0." Born Compl. ¶ 19.

On November 7, 2019, the first of the two Related Actions, *Born v. QUAD/Graphics, Inc., et al.*, No. 1:19-cv-10376 (S.D.N.Y.), was filed against Defendants Quad, Quadracci, and Honan, on behalf of all purchasers of Quad securities between February 21, 2018 and October 29, 2019, asserting violations of Sections 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and 20(a) of the Exchange Act. On December 27, 2019, a second related action, *Bloom v. QUAD/Graphics, Inc., et al.*, No. 1:19-cv-11860 (S.D.N.Y.), was filed against the same Defendants, asserting identical Exchange Act claims on behalf of a putative class of investors who purchased or otherwise acquired Quad securities during an almost identical Class Period (February 22, 2017 to October 29, 2019).  Complaint ¶ 1, *Bloom v. QUAD/Graphics, Inc., et al.*, No. 1:19-cv-11860 (S.D.N.Y. December 27, 2019), ECF No. 1 ("Bloom Compl.").

The gravamen of each of the Related Actions is Defendants' violations of the Exchange Act for false and misleading statements regarding the Company's business, operations, and prospects.  Born Compl. ¶ 5; Bloom Compl. ¶ 4. Specifically, Defendants failed to disclose to investors: (1) that the Company's book business in United States was underperforming; (2) that, as a result, the Company was likely to divest its book business; (3) that the Company was unreasonably vulnerable to decreases in market prices; (4) that, to remain financially flexible while market prices decreased, the Company was likely to cut its quarterly dividend and expand its cost reduction programs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *Id*. These false and misleading statements caused the price of Quad securities to be artificially inflated, and thereby resulted in the damages suffered by Movants and the other members of the class.  Born Compl. ¶¶ 42-44, 46, 48-49, 51, 55, 60-62; Bloom Compl. ¶¶ 46-48, 50, 52-53, 55, 59, 64-66.

The truth was revealed when, on October 29, 2019, the Company slashed its quarterly dividend by 50% to $0.15 per share, announced plans to divest its book business, reported third quarter 2019 financial results, and lowered its fiscal 2019 guidance. Born Compl. ¶ 32; Bloom Compl. ¶ 36. The Company initially called these changes "part of ongoing portfolio optimization." Born Compl. ¶ 32; Bloom Compl. ¶ 36. However, the news shocked analysts, and the Company later attributed the disappointing performance to "lower market prices on paper byproduct recoveries," which would "impact full year 2019 adjusted EBITDA by at least $25 million." Born Compl. ¶¶ 33-34; Bloom Compl. ¶¶ 37-38. The news caused the Company's share price to plummet $6.42 per share, or nearly 57%, to close at $4.85 per share on October 30, 2019, on unusually high trading volume. Born Compl. ¶ 35; Bloom Compl. ¶ 39.

On November 7, 2019, Plaintiff Born's counsel published a notice of pendency of that action over the national wire service, *BusinessWire*.  Kathrein Decl., Ex. C (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted.  *Id*.

### III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).  To date, Movants are aware of the two above-captioned Related Actions in this District against Defendants.  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id*.; *Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 144 (S.D.N.Y. 2012) (consolidating

securities class actions); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009)

(same); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y.

2008) (same). Here the Related Actions are based upon the same alleged misconduct, name the

same Defendants, allege similar class periods, and assert the same claims. Consolidation,

therefore, is appropriate. *Id*.

**B.    Movants Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each

private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-

4(a)(3)(B)(i). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> shall appoint as lead plaintiff the member or members of the
> purported plaintiff class that the court determines to be most capable
> of adequately representing the interests of class members in
> accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most

adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to
> a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
> Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). S*ee also*

*Berdeaux v. Onecoin Ltd.,* No. 19-CV-4074 (VEC), 2019 U.S. Dist. LEXIS 139372, at *3

(S.D.N.Y. July 11, 2019). Movants meet these requirements and should, therefore, be appointed

as Lead Plaintiff.

### 1.    Movants' Motion Is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice published in this action on November 7, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline.  *See* Published Notice, Kathrein Decl., Ex. C.  Because Movants filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movants Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Movants suffered substantial losses of approximately $58,071.40 on their purchases of Quad securities during the Class Period.  *See* Kathrein Decl., Exs. A & B.  To the best of Movants' knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in this litigation.

### 3.    Movants Satisfy The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movants "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). *See also Kraft v. Third Coast Midstream, LLC*, No. 19-CV-9398 (VEC), 2019 U.S. Dist. LEXIS 213665, at *1 (S.D.N.Y. Dec. 11, 2019). "When moving for appointment as lead plaintiff, 'the moving plaintiff must only make a preliminary showing that the adequacy

and typicality requirements have been met.'" *VimpelCom*, 151 F. Supp. 3d at 477, quoting

*Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y.2010).

### a. Movants' Claims Are Typical

"The typicality requirement 'is satisfied when each class member's claim arises from the

same course of events, and each class member makes similar legal arguments to prove the

defendant's liability.'" *Id.*, quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291

(2d Cir. 1992).  Here, Movants, like other putative class members, purchased Quad shares based

on materially false and misleading statements in the Registration Statement and suffered

financial loss as a result.  Thus, Movants' claims "arise[ ] from the same course of events" as

those of other class members and they will "make[ ] similar legal arguments to prove the

defendant[s'] liability" under the Securities Exchange Act, and thus, it satisfies the typicality

requirement.  *Id*.

### b. Movants Are Adequate

"'The adequacy requirement is satisfied where: (1) class counsel is qualified,

experienced, and generally able to conduct the litigation; (2) there is no conflict between the

proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a

sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *VimpelCom*, 151 F.

Supp. 3d at 477-78, quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Here, Movants retained Hagens Berman as their lead counsel, competent and experienced

counsel, based on its past experience in securities fraud class actions.  Kathrein Decl., Ex. D

(describing securities fraud class actions in which the firm served as lead counsel or co-lead

counsel).  Further, Movant's "significant financial interest should ensure vigorous advocacy on

behalf of the class." *Id.*, quoting *Foley*, 272 F.R.D. at 131.  Finally, there is no conflict between

Movants and the members of the class.  Therefore, Movants makes the requisite preliminary showing that the adequacy and typicality requirements have been met, and they are the presumptive lead plaintiff.

### c.    The Court May Properly Appoint Movants Together as a Group

As demonstrated above and in its Joint Declaration, the Quad/Graphics, Inc. Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby warranting its appointment as Lead Plaintiff.  The Joint declaration submitted by the movants in support of their motion describes how each member has significant investment and work experience, and each suffered substantial losses from their investment in Quad securities.  *See* Kathrien Decl. Ex. E, Joint Declaration of the Quad/Graphics, Inc. Investor Group in Support of Its Motion for Consolidation of Related Actions, Appointment As Lead Plaintiff, and Approval of Its Selection of Lead Counsel, at ¶¶ 4-5; 17.  In particular, movants offer financial consulting services and have taught courses on investing to fellow church members, in addition to over 50 years of investment experience. *Id*. at ¶ 4. Movants have served as an executive for a number of small businesses in the Greater Boston area for 18 years and have approximately 25 years of investing experience. *Id*. at ¶ 5. Movants purchased Quad options and suffered significant losses as a result. *See* Kathrien Decl. Ex. B (Charts of Movants' estimated losses).

The Quad/Graphics, Inc. Investor Group's Joint Declaration explains how and why each member made the decision jointly to seek appointment as lead plaintiff.  *Id*. at ¶¶ 8-10; 20. Specifically, they concluded that it made sense to combine their "collective decision-making and resources" to ensure that the best interests of the class are protected. *Id*. In addition, both emphasized their commitment to working together in the best interests of the class (*Id*. at ¶ 14) and overseeing class counsel (*Id*. at ¶ 8), and developed a decision-making structure. *Id*. at ¶ 10. Accordingly, the appointment of Movants together as a group is appropriate in this case. *See, e.g*., *Goldstein v. Puda Coal, Inc*., 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (appointing group comprised of two individual investors who submitted sworn declarations which described: "why

the individual members chose to work as a group; how the group intends to function collectively, including how they plan to communicate; the protocol the group will use to address disagreements; background information regarding individual members of the group; and the members' willingness to accept the role and responsibilities of lead plaintiff"); F*ox v. Camelot Info. Sys.*, No. 12-Civ.-86 (PGG), 2012 U.S. Dist. LEXIS 89486, at *6 (S.D.N.Y. June 6, 2012) (appointing group of group of two individual investors whose "declaration [met] the standards outlined in the case law for demonstrating cohesiveness."); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08-Civ.-411 (NRB), 2008 U.S. Dist. LEXIS 38729, at *9 (S.D.N.Y. May 9, 2008) (appointing group of institutions that provided declaration showing they were "cooperating and pursuing the litigation separately and apart from their lawyers").

Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, both Mr. Ameling and Mr. Tuffaha hereby move to be appointed individually.

**C.    The Court Should Approve Movants' Selection Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Peters v. Jinkosolar Holding Co., Ltd.*, No. 1:11-cv-07133-JPO, 2012 U.S. Dist. LEXIS 38489, at *34 (S.D.N.Y. Mar. 19, 2012) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).

Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations); *see also Peters*, 2012 U.S. Dist. LEXIS 38489, at *35 (approving

movant's choice of counsel upon law firms' submission of "resumes demonstrating extensive experience and success prosecuting cases similar to this one").

Movants have selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Kathrein Decl., Ex. D at p. 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Kathrein Decl., Ex. D at p. 32. Thus, the Court may be assured that Hagens Berman "has the requisite experience necessary to serve as lead counsel, and thus will be able to effectively prosecute the consolidated action." *Glavan v. Revolution Lighting Technologies, Inc.*, No. 1:19-cv-04252-JPO, 2019 U.S. Dist. LEXIS 125960, at *15-16 (July 29, 2019 S.D.N.Y.) (quoting *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014)).

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint the Quad/Graphics, Inc. Investor Group as Lead Plaintiff pursuant to the PSLRA; (3) approve Movants' selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper. Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, the Court should appoint either Mr. Ameling or Mr. Tuffaha individually and approve his selection of counsel.

DATED: January 6, 2020                              Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Jason A. Zweig*
      JASON A. ZWEIG, JZ-8107

555 Fifth Avenue, Suite 1700
New York, NY  10017
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Reed R. Kathrein
Danielle Smith
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG

- 1 -