**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS BORN and MARILYNN BORN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN,<br><br>Defendants. | Case No. 1:19-cv-10376-VEC |
| VALERIE BLOOM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN,<br><br>Defendants. | Case No. 1:19-cv-11860-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DENNIS AND MARILYNN BORN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Dennis and Marilynn Born (together, the "Borns" or "Movants") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movants' selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-

1

4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Quad/Graphics, Inc. ("Quad" or the "Company") securities between February 22, 2017 and October 29, 2019, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action.  In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class.  Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Quad provides a data-driven, integrated marketing solutions platform to help clients reduce complexity, increase efficiency, and enhance marketing spend effectiveness.

On October 29, 2019, after the market closed, the Company slashed its quarterly dividend by 50% to $0.15 per share, announced plans to divest its book business, reported third quarter 2019 financial results, and lowered its fiscal 2019 guidance.

On this news, the Company's share price fell $6.42 per share, or nearly 57%, to close at $4.85 per share on October 30, 2019, on unusually high trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's book business in United States was underperforming; (2) that, as a result, the Company was likely to divest its book business; (3) that the Company was unreasonably vulnerable to decreases in market prices; (4) that, to remain financially flexible while market prices decreased, the Company was likely to cut its quarterly dividend and expand its cost reduction programs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.    PROCEDURAL BACKGROUND

On November 7, 2019, the Borns commenced the above-captioned case against Quad in this District, *Born v. Quad/Graphics, Inc., et al.*, Case No. 1:19-cv-10376 (the "*Born* Action"). The *Born* Action alleges a class period from February 21, 2018 to October 29, 2019, inclusive.

On December 27, 2019, another action was filed alleging substantially similar claims against the same defendants, captioned *Bloom v. Quad/Graphics, Inc., et al.*, Case No. 1:19-cv-

3

11860 (the "*Bloom* Action," and together with the *Born* Action, the "Related Actions"). The *Bloom* Action alleges a class period from February 22, 2017 to October 29, 2019, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.    Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e*., the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff.  Movants have, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23.  In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movants Filed the Complaint and a Timely Motion

In addition to filing the complaint in the above-captioned action, Movants have made a timely motion in response to a PSLRA early notice.  On November 7, 2019, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action.  *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Movants had sixty days or until January 6, 2020, to file a motion to be appointed as Lead Plaintiff.  As purchasers of Quad

securities during the Class Period, Movants are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their previously-filed PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as a representative of the class. Dkt. No. 5-1. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the class.

## 2.      Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believes that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased Quad securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered a financial loss of approximately $320,004.99.[1]  *See* Linkh Decl., Ex. B.  To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss.  Movants believe they have

---

[1] On December 27, 2019, a substantially similar action was filed alleging a class period that started nearly one year earlier than that in the first-filed action. Dennis Born has four transactions in the longer class period that are not in the class period alleged in the first-filed action: on November 30, 2017, he purchased 20 shares at $22.10 per share and 1,000 shares at $22.05 per share; the same day, he sold 1,000 shares at $22.10 per share; on February 6, 2018, he sold 20 shares at $20.4069 per share. Although these transactions were not included in the previously-filed certification, they are included in the loss analysis filed concurrently herewith, and he gained approximately $16.14 via these trades. *See* Linkh Decl., Ex. B.

the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Quad's business, operations, and financial prospects violated the federal securities laws.  Movants, like all of the members of the Class, purchased Quad securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b)    Movants Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. B.  Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

## C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at

274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on their behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit C. Thus, the Court may be assured that, by granting Movants' Motion, the Class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order (1) consolidating the above-captioned related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 6, 2020

**GLANCY PRONGAY & MURRAY LLP**

By:    *s/ Gregory B. Linkh*
Gregory B. Linkh
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

-and-

9

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Movants and [Proposed] Lead
Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 6, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 6, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh