**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | |
| DENNIS BORN and MARILYNN BORN, ) | Civil Action No. 1:19-cv-10376-VEC |
| Individually and on Behalf of all Others Similarly ) | |
| Situated, ) | CLASS ACTION |
| ) | |
| Plaintiff, ) | **ORAL ARGUMENT REQUESTED** |
| ) | |
| v. ) | |
| ) | |
| QUAD/GRAPHICS, INC., J. JOEL ) | |
| QUADRACCI, and DAVID J. HONAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF HANI
ANKLIS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS
SELECTION OF COUNSEL, AND IN OPPOSITION
TO THE COMPETING MOTIONS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT .............................................................................................................................3

    I.         Anklis Should Be Appointed Lead Plaintiff............................................................... 3

       A.     Anklis Has the Largest Financial Interest in the Relief Sought by the Class.............. 3

       B.     The Longest, Most-Inclusive Class Period Should Govern ....................................... 4

       C.     Anklis Satisfies the Requirements of Rule 23............................................................. 8

       D.     No Proof Exists to Rebut the Presumption................................................................ 10

CONCLUSION.........................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850 (S.D.N.Y. May 31, 2012)................... 3

*Bodri v. Gopro, Inc.*, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016).............................................. 4

*Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) ................. 4

*Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ............ 5, 7

*Francisco v. Abengoa, S.A.*, 2016 WL 3004664 (S.D.N.Y. May 24, 2016)................................. 10

*Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006)....................... 10

*Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348 (S.D.N.Y. 2011).......................................... 10

*Grand Lodge of Pa. v. Peters*, 2007 WL 1812641 (M.D. Fla. June 22, 2007)............................. 5

*Gronich v. Omega Healthcare Investors, Inc.*,
    2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ................................................................. 2, 3, 10

*Hall v. Medicis Pharm. Corp.*, 2009 WL 648626 (D. Ariz. Mar. 11, 2009) ............................... 10

*Hardy v. MabVax Therapeutics Holdings*,
    2018 WL 4252345 (S.D. Cal. Sept. 6, 2018).................................................................... 3, 4, 5

*Hom v. Vale, S.A.*, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)............................................. 3, 5, 7

*Horowitz v. SunEdison, Inc.*, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016) ........................ 4, 5, 6

*In re BP, PLC Securities Litigation*, 758 F. Supp. 2d 428 (S.D. Tex. 2010)................................. 6

*In re Donkenny Inc. Sec. Litig.*, 171 F.R.D. 156 (S.D.N.Y. 1997) ............................................. 10

*In re Doral Fin. Corp. Sec. Litig.*, 414 F.Supp.2d 398 (S.D.N.Y. 2006) ...................................... 5

*In re Elan Corp. Sec. Litig.*, 2009 WL 1321167 (S.D.N.Y. May 11, 2009).............................. 3, 6

*In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ............................ 10

*In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416 (E.D.N.Y. 2018) .................... 9, 10

*Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................. 8

*Lopez v. CTPartners Executive Search Inc..*,
    2015 WL 2431484 (S.D.N.Y. May 18, 2015) ...................................................................... 8

*Miller v. Dyadic International, Inc.*, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008)....................... 5

*Pirelli Armstrong Tire Corp. Ret. Med. Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................... 1

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ................................................................. 6, 7

*Turner v. ShengdaTech, Inc.*, 2011 WL 6110438 (S.D.N.Y Dec. 6, 2011)................................... 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................. 4

**Statutes**

15 U.S.C. § 78................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 2, 8

Anklis respectfully submits this memorandum of law in further support of his motion to be appointed Lead Plaintiff and for approval of his selection of counsel.[1]

## PRELIMINARY STATEMENT

Under the PSLRA, Anklis should be appointed Lead Plaintiff:  He has the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Anklis and four other movants filed motions seeking appointment as Lead Plaintiff.[2]  Per the chart below, Anklis asserts the largest financial interest by a wide margin.  Indeed, Anklis suffered losses of approximately ***$1.7 million (FIFO) / $1 million (LIFO)*** on his investments in Quad securities between February 22, 2017, and October 29, 2019 (the "Consolidated Class Period").  These losses are at least twice as large as any other movant's losses.

| MOVANT | FIFO LOSS | LIFO LOSS |
|---|---|---|
| **Hani Anklis** | **$1,749,366** | **$1,011,799** |
| Alaska Electrical Pension Fund ("AEPF")[3] | $442,529 | $442,529 |
| Dennis and Marilynn Born | $320,004 | $320,004 |
| Westmoreland County Employee Retirement Fund | $307,948 | $307,948 |
| Larry Ameling and Sameer Tuffaha | $57,622 | $57,622 |

---

[1] All capitalized terms are defined in Anklis' initial brief, unless otherwise noted.  *See Born* ECF No. 20.  On January 10, 2020, the Court consolidated the *Born* and *Bloom* actions "for all purposes," rendering Anklis' request for consolidation moot.  *Born* ECF No. 31.

[2] Movant Larry Ameling and Sameer Tuffaha ("Ameling and Tuffaha") and movant Westmoreland County Employee Retirement Fund filed Non-Oppositions to the Competing Motions on January 24, 2020.  *See Born* ECF Nos. 38, 39.

[3] AEPF's financial interest in the Consolidated Class Period is ***unknown*** because it only provided the Court with its transactions during the narrow class period of February 21, 2018 through October 29, 2019 that was alleged in *Born*. *See Born* ECF Nos. 15-2 and 15-3.  AEPF did not provide its transactions during the additional period of February 22, 2017, to February 20, 2018, which is at issue in the Consolidated Class Period.  As discussed below, this is contrary to well-established law which states that for purposes of appointing a Lead Plaintiff, the broadest potential class period governs.  Any attempt by AEPF to belatedly supplement its financial interest now, after the expiration of sixty-day deadline provided in the PSLRA, should be rejected.  *See Pirelli Armstrong Tire Corp. Ret. Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004).

Anklis also satisfies the adequacy and typicality requirements of Rule 23 and is well situated to represent the entire Class. Anklis is a sophisticated and diligent investor who has already been active in overseeing this case. *See* Declaration of Hani Anklis ("Anklis Decl.") ¶¶ 2-4, 6-7. As part of Anklis' active oversight, he performed due diligence on and selected counsel and participated in several calls with counsel regarding litigation strategy and his desire to serve as Lead Plaintiff, his willingness to assume the Lead Plaintiff's fiduciary responsibilities, the need to hold all potential culpable parties accountable for their misconduct, and to maximize the Class' potential recovery. *Id.* at ¶¶ 6-8. Any claim that Anklis should not be appointed because he is somehow "less adequate" than an institutional movant is belied by the record and is not supported by the law. *See e.g., Gronich v. Omega Healthcare Investors, Inc.*, 2018 WL 1626078, at *3-4 (S.D.N.Y. Mar. 27, 2018) (rejecting the notion that "a presumptive lead plaintiff individual investor [should be] supplanted by an institutional investor with less at stake in the litigation").

Because Anklis has the largest financial interest in the litigation and has made the necessary prima facie showing of typicality and adequacy, he is the presumptive most adequate plaintiff. No *"proof"* exists to rebut Anklis' adequacy or typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)-(II) (emphasis added).

Lacking proof to rebut the presumption, AEPF, the only movant that did not report its financial interest in the Consolidated Class Period, may urge the Court to ignore the Consolidated Class Period and instead assess the movants' financial interests during the truncated class period alleged in *Born*. Any such argument should be rejected. Every movant other than AEPF embraced the Consolidated Class Period when seeking Lead-Plaintiff appointment. *See Born* ECF Nos. 10, 20, 22, 26. Further, because the Court already consolidated *Bloom* and *Born*, "the most sensible

2

way to harmonize the different class periods is to adopt the longest class period set forth" in *Bloom*. *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018).

And even absent consolidation, it is well-settled that the longest class period governs the analysis of movants' financial interest. Using the broader period appropriately views the alleged facts at this stage of the case in the light most favorable to plaintiffs, which in turn allows for a class with more potential members and increased potential damages. Use of the longer period is appropriate here too because the allegations supporting the more inclusive period are well-founded. *See In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009); *see also Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("use of the longer, more inclusive class period is proper for purposes of the present motion because the longer class period encompasses more potential class members and damages"). The Consolidated Class Period simply expands the start of the class period back to February 22, 2017, to capture additional false statements and omissions regarding the performance of Quad's book business, the decline of which both *Bloom* and *Born* allege Quad was understating prior to that time. *See Bloom*, ECF No 1. ¶ 19; *Born*, ECF No. 1 ¶ 21. Anklis respectfully requests that the Court grant his motion in full.

## **ARGUMENT**

### I.   **ANKLIS SHOULD BE APPOINTED LEAD PLAINTIFF**

#### A.  **Anklis Has the Largest Financial Interest in the Relief Sought by the Class**

Under the PSLRA, the presumptive Lead Plaintiff is the movant with "the largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Courts consistently hold that a movant's loss is the most important factor in determining financial interest. *See e.g., Omega Healthcare*, 2018 WL 1626078, at *2; *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012);

3

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008). Indeed, every movant presented their financial interest in terms of loss and any belated attempt to shift to a newfound method on opposition, such as the "retained share method," should be rejected. *See* ECF Nos. 10, 14, 20, 22, 26; *see also Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (refusing to adopt "retained shares" methodology when the moving parties had initially focused on "estimated losses")). This is particularly true given the wide disparity between Anklis' and other movants' losses. *See Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *5 (S.D.N.Y. Dec. 5, 2019) (rejecting application of retained share factor given that one movant's loss was "more than three times" larger than the other movant's, as here).

Here, Anklis unquestionably has the largest financial interest in the relief sought by the Class. As the table above reflects, Anklis incurred a loss of approximately ***$1.7 million (FIFO)* / *$1 million (LIFO)*** on his investments in Quad securities during the Consolidated Class Period—a loss that is multiples greater than the loss of any other movant. Thus, because Anklis has "the largest financial interest in the relief sought by the class" he is entitled to a strong presumption that he is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B. The Longest, Most-Inclusive Class Period Should Govern**

The Court has consolidated *Born* and *Bloom* "for all purposes." *Born* ECF No. 31. Therefore, this action now includes allegations from both cases. *See Horowitz v. SunEdison, Inc.*, 2016 WL 1161600, at *3 (E.D. Mo. Mar. 24, 2016) (once consolidated the action "includes allegations from all … cases"). Because the two cases have already been consolidated, "the most sensible way to harmonize the different class periods is to adopt the longest class period set forth" in *Bloom*. *MabVax Therapeutics*, 2018 WL 4252345, at *5. Moreover, the PSLRA directs courts to "appoint the most adequate plaintiff as lead plaintiff *for the consolidated actions*," 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added), which here, reflects the Consolidated Class Period.

4

Even outside the context of consolidated actions, courts have unwaveringly held the "more inclusive class period is proper … because the longer class period encompasses more potential class members and damages." *Vale*, 2016 WL 880201, at *4; *In re Doral Fin. Corp. Sec. Litig.*, 414 F.Supp.2d 398, 402-403 (S.D.N.Y. 2006) (same); *SunEdison*, 2016 WL 1161600, at *3 (same). Indeed, courts are "wary of arguments advocating a shorter class period instead of the longest potential class period" because shortening it "would have the effect of reducing the class size and limiting the potential amount of damages." *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008). This is likely why every Lead Plaintiff movant that acknowledged the differing class periods adopted the Consolidated Class Period; it is in the best interests of the Class. *See Born*, ECF Nos. 10, 20, 22, 26.[4]

Indeed, courts at this stage of the litigation routinely adopt the most inclusive class period without further inquiry as to competing shorter periods. *See MabVax*, 2018 WL 4252345, at *5 (questioning whether it was "appropriate" to "address concerns with the use of a longer class period" at the lead plaintiff stage); *Miller v. Dyadic International, Inc.*, 2008 WL 2465286, at *4 (S.D. Fla. Apr. 18, 2008) ("Narrowing the class period is more appropriate at a later stage of litigation"); *Grand Lodge of Pa. v. Peters*, 2007 WL 1812641, at *2 (M.D. Fla. June 22, 2007) ("[Movant] asks this Court to delve into the merits of the claims and to define the class period at this early stage of the proceedings before a class has been certified or those issues have been fully briefed. This it cannot do").

---

[4] This is precisely the case here. Anklis purchased 196,842 Quad shares worth nearly $4.5 million prior to the start of the truncated class period alleged in *Born*. To only credit the shorter period would deprive Anklis and thousands of other Class members of the potential to recover. Indeed, movant Ameling and Tuffaha reiterated in their Non-Opposition that, "Here, 'the relief sought by the class' consists of recovery for investment losses suffered as a result of transactions in Quad/Graphics, Inc. securities from February 22, 2017 through October 29, 2019." *Born* ECF No. 38.

Other courts to consider the issue have similarly held that the most inclusive class period will govern at the Lead Plaintiff stage unless the allegations supporting that period are "implausible" or "obviously frivolous." *In re Elan*, 2009 WL 1321167, at \*1; *accord In re BP, PLC Securities Litigation*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) ("Court will use the longest [] class period unless the factual allegations [] are obviously frivolous"); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) adopting "obviously frivolous" standard); *SunEdison*, 2016 WL 1161600, at \*3 n.4 (same).

Here, there is no basis to claim that the broader Consolidated Class Period is "obviously frivolous" or "implausible." To the contrary, in alleging a longer class period, *Bloom* asserts the same fraudulent conduct at issue in *Born*. *Bloom* simply alleges that Defendants' fraudulent activity (including misrepresenting the viability of Quad's book business) began a year earlier than alleged in *Born*. *Bloom* ECF No. 1 ¶ 18. Critically, the allegations framing the more inclusive Consolidated Class Period are supported by both *Bloom* and *Born*.

More specifically, the *Bloom* complaint asserts that Defendants began to defraud investors earlier than in *Born*, beginning on February 22, 2017, after Quad announced its financial results for 2016. *See id.* In doing so, the *Bloom* complaint details a series of statements by Quad throughout the subsequent months within the broader Consolidated Class Period that are alleged to be false and misleading—and for much the same reasons set forth in the *Born* complaint. *Compare Bloom* ECF No. 1 ¶¶18-23, 35 *with Born* ECF No. 1 ¶¶ 20-25, 31. For example, *Bloom* alleges that on February 22, 2017, Quad falsely assured investors that it continued to successfully transform its business to a global marketing services provider given the years-long decline in the print business, which *Bloom* alleges Quad understated since at least as early as 2017. *Bloom* ECF No. 1 ¶¶ 18-19, 35. *Born* similarly pleads that Quad was understating the pressure experienced by

6

its printing business "in recent years," meaning at least as early as 2017, but truncates the class period to start in 2018 for a reason that is not known to Anklis. *Born* ECF No. 1 ¶¶ 21, 31.

In addition to advancing allegations that are closely related to those in the *Born* complaint, *Bloom* also specifies why those and other statements were materially false and misleading; for example, explaining that Quad misrepresented and concealed that its book business was underperforming, that Quad was unreasonably vulnerable to decreases in market prices, and that the Company was likely to cut its dividend. *Bloom* ECF No. 1 ¶ 35. In contrast with Quad's earlier representations back on February 22, 2017, on October 29, 2019, Quad shocked investors when it announced plans to divest its book business, slashed its dividend by 50%, and significantly ramped-up its cost reduction programs because the cost reductions had been insufficient. *Id*. ¶¶ 36-39. These allegations are more than plausible and are at least as strong as the allegations in *Born*. *See Verifone*, 2008 WL 3925289, at *2 (finding longer class period governed where alleged false and misleading statements that served to expand the class period were supported by "reasons why the statements were materially false and misleading when made").

Finally, "nothing in the PSLRA limits the class period to the period identified in the first notice," issued here shortly after the earlier *Born* complaint was filed. *MGIC*, 256 F.R.D. at 624 n. 6. Additional notice is not required for subsequent complaints that expand the class period. *See Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at *2-3 (S.D.N.Y Dec. 6, 2011) (because action "proceeds against the same defendants …, relies on the same legal theories … and concerns the same type of securities," potential lead plaintiffs "were adequately notified of the nature of the claims"); *see also Vale*, 2016 WL 880201, at *4 ("republication of notice is not required under the PSLRA"). Nevertheless, here, Quad investors received ample notice of the Consolidated Class Period. On December 27, 2019, the *Bloom* case was filed and a notice was published alerting

7

investors to the expanded Class Period and reminding them of the preexisting Lead-Plaintiff deadline on January 6, 2020. *Born* ECF No. 24-3. Additionally, between December 27, 2019, and January 6, 2020, 8 different law firms published at least 13 press releases (*see* Declaration of Javier Bleichmar ("Bleichmar Decl.") Exs. B - N) alerting investors to the expanded Class Period. And all but one of the Lead Plaintiff movants properly recognized and advocated for the Consolidated Class Period. Any contention that investors were not sufficiently informed of the expanded Class Period would be wrong. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *4 n.7 (N.D. Ill. Aug. 11, 1997) (rejecting argument that publication of notice apprising investors of expanded Class Period in advance of the Lead Plaintiff deadline prejudiced the Class).

Under these circumstances, the Court should consider the more inclusive Class Period alleged in *Bloom* when comparing the movants' financial interest. Because Anklis has the largest financial interest during that period, Anklis is the presumptive "most adequate plaintiff."

**C. Anklis Satisfies the Requirements of Rule 23**

Anklis also otherwise satisfies the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Anklis is typical because, like all other Class members, he (1) purchased Quad securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See Lopez v. CTPartners Executive Search Inc..*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (typicality established when movant's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise").

Anklis is also an adequate Class representative because he is capable of "fairly and adequately protect[ing] the interest of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Anklis' interests are aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism

between Anklis and other Class members.  To the contrary, the interests of Anklis and absent Class members are squarely aligned because all suffered damages from their purchases of Quad securities that were artificially inflated by Defendants' misconduct.

What's more, as detailed in his supporting declaration, Anklis is a sophisticated investor with a background and education in business, investment, economics, finance and engineering, and has already taken steps to ensure that the action is vigorously and efficiently prosecuted in the best interest of the Class.  *See* Anklis Decl. ¶¶ 2-4, 6-8 (Bleichmar Decl. Ex. A).  Specifically, before filing a motion for Lead Plaintiff appointment, Anklis interviewed and performed due diligence on his chosen counsel, Gibbs Law Group, and has engaged in extensive discussions with counsel regarding the merits of this case, litigation strategy, the need to hold all potentially culpable parties accountable on behalf of all Quad investors, the obligations of a Lead Plaintiff under the PSLRA, and the need for the action to be prosecuted in a vigorous and cost-effective manner.  *See id* ¶¶ 6-7.  Given Anklis' substantial financial stake in the litigation, he intends to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents.  *See id* ¶¶ 8-10.

Should another movant argue that an institutional movant would be "more adequate" than Anklis, an individual investor, both the record and the case law dictate otherwise.  Where, as here, an individual's financial interest is significantly larger than an institution's financial interest and the individual has clearly demonstrated adequacy and typicality, there is no ground for appointing an institutional investor under the PSLRA.  *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 422 (E.D.N.Y. 2018) (institutional preference can only come into play when the difference in losses is relatively small).  Indeed, courts have repeatedly appointed individuals over

institutions. *See e.g., Omega Healthcare Investors*, 2018 WL 1626078, a *3 (appointing individual with a $119,400 loss over and institution with a $49,663 loss); *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016) (appointing an individual with a $152,728 loss over an institution with a $110,770 loss); *In re Sequans*, 289 F. Supp. 3d at 422 (appointing individual investors with a $144,271 loss over an institution with a $45,948 loss); *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 n. 2 (N.D. Ill. Aug. 28, 2012) (appointing an individual with a $262,437 loss over an institution with a $101,556 loss).

In fact, Anklis is particularly well situated to prosecute this case because he—unlike any of the institutional movants—purchased Quad options as well as stock during the Class Period allowing him to represent a broader swath of the Class. *See Born* ECF No. 24-4. Anklis' investments in Quad options make him even more typical and adequate to represent the Class and numerous courts have appointed investors in options as Lead Plaintiff. *See, e.g., Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) ("investors who traded in options can be appointed lead plaintiff when the focus of the typicality analysis is, as here, 'whether the same or similar injuries arose out of or were caused by Defendants' alleged wrongful course of conduct'"); *Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *4 (D. Ariz. Mar. 11, 2009) (appointing as Lead Plaintiff movant that purchased stock and options); *In re Donkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (same).

### D. No Proof Exists to Rebut the Presumption

Because Anklis asserts the largest financial interest in the relief sought by the Class and has made more than a prima facie showing that he is a typical and adequate class representative, the competing motions should be denied because there is no **"*proof*"** that Anklis will not adequately represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006)

(rejecting "speculative and hypothetical argument that [movant] *might* be subject to a later attack by Defendants") (emphasis in original).  No movant has submitted any proof that Anklis will be unable to adequately represent the interests of the Class, and no such proof exists.

## CONCLUSION

Anklis respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), and (2) approve his selection of Gibbs Law Group as Lead Counsel for the Class and BFA as Local Counsel for the Class.

Dated:  January 24, 2020

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
Ross Shikowitz
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com
rshikowitz@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff
Hani Anklis and Proposed Local Counsel
for the Class*

**GIBBS LAW GROUP LLP**
Eric H. Gibbs (*pro hac vice)*
David Stein (*pro hac vice*)
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com

11

*Counsel for Proposed Lead Plaintiff Hani Anklis and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the registered participants.  Executed on January 24, 2020.

 s/ *Javier Bleichmar*
Javier Bleichmar

13