**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS BORN and MARILYNN BORN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-10376-VEC |
| Plaintiff, | |
| v. | |
| QUAD/GRAPHICS, INC., J. JOEL QUADRACCI, and DAVID J. HONAN, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DENNIS AND MARILYNN BORN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

514564.1

Dennis and Marilynn Born (together, the "Borns") respectfully submit this reply memorandum of law in further support of their motion for appointment as lead plaintiff and approval of lead counsel.

## I.    APPOINTING THE BORNS, WHO HAVE THE GREATEST FINANCIAL INTEREST UNDER BOTH CLASS PERIODS, IS IN THE BEST INTEREST OF THE CLASS

Just as the Borns predicted, different lead plaintiff movants are quibbling over what is the appropriate class period and method for determining financial interest. *See* Dkt. Nos. 41 at 3-8; 43 at 3-13 (accusing Mr. Anklis of class period manipulation). In fact, one of the movants even sought leave to file a reply to further its arguments that its changing of the class period was proper and not "gamesmanship" as another movant has claimed. *See* Dkt. No. 44, Exhibit A. While the Borns choose not to wade into the muck of this dispute, they are concerned that this litigation is heading in a direction that is not in the best interest of the class, and that this sideshow is simply distracting from the most important issue—advancing the class's claims. Moreover, the Borns are further troubled by the fact that it appears that the other movants are putting their own interests (and their counsel's interests of being appointed lead counsel) above that of the class itself. While there is a time and a place to argue over the proper calculation of damages and the appropriate class period, that time is certainly not now, and the class does not benefit from forcing the Court to make such determinations so early in the litigation.

In contrast, appointing the Borns as lead plaintiff would prevent any harm to the class that may be caused by premature determination regarding damages and the class period. This is because the Borns have the largest financial interest ***under both class periods*** using a widely accepting methodology for determining financial interest: net retained shares. The competing movants concede (as they must) that courts have the discretion to choose any reasonable methodology to determine which investor has the largest financial interest. *See e.g.*, Dkt. No. 43

514564.1                                          1

at 4. Many courts, including courts in this District, have looked to retained shares to determine which movant has the largest financial interest. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 CIV. 2279 CM, 2011 WL 4343802, at *2 (S.D.N.Y. Sept. 9, 2011) ("From the evidence presented to the Court, it is clear that Sanderson held the largest amount of retained shares at the end of the class period and therefore suffered the largest loss as compared with all movants."'); *see also Cortina v. Anavex Life Scis. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016) (when the movant with the greatest loss was unclear the court turned to net retained shares and net expenditures to determine financial interest); *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) (finding retained shares "to be the most determinative factor in approximating an investor's potential recovery."); *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (concluding net shares purchased should be used to determine financial interest as "the candidate with the most net shares purchased will normally have the largest potential damage recovery"); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (finding net shares purchased "determinative" of financial interest). The Borns respectfully submit that this Court should do likewise, instead of using a methodology that requires the Court to rule on which class period is proper.

As demonstrated in the chart provided with their opposition memorandum, the Borns have the largest financial interest as measured by net shares retained, regardless of which class period is used. See Dkt. No. 40 at 5. Accordingly, the Borns have the largest financial interest in the relief sought by the class. Since the Borns have the largest financial interest in the relief sought by the class, filed a timely motion, and satisfy the requirements of Rule 23, they are the presumptively the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

514564.1                                          2

**II.    NO MOVANT HAS, OR CAN, REBUT THE PRESUMPTION THAT THE BORNS ARE THE MOST ADEQUATE PLAINTIFF**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Neither of the remaining two movants has rebutted, or even attempted to rebut, the presumption that the Borns are the most adequate plaintiff. *See generally* Dkt. Nos. 41 & 43.   This is likely because the Borns are ideal lead plaintiff candidates. Since no movant has rebutted the presumption as to the Borns, the Borns should be appointed as lead plaintiff, and no other movant is entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009).

**III.    CONCLUSION**

For the foregoing reasons, the Borns respectfully requests that the Court deny the competing lead plaintiff motions, and enter an order: (1) appointing the Borns as lead plaintiff; (2) approving the Borns' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 11, 2020                 **GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Gregory B. Linkh*
Gregory B. Linkh
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

and-

514564.1                                 3

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants and [Proposed] Lead
Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

514564.1

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 11, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 11, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh

514564.1