# EXHIBIT S

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. QUAD/GRAPHICS, INC., *et al.*, *Defendants*. | Case No. 1:19-cv-04153 |

**NOTICE OF MOTION**

To:     See Attached Service List

**PLEASE TAKE NOTICE** that on Friday June 28, 2019, at 9:30 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Charles Norgle in Courtroom 2341, 219 South Dearborn Street, Chicago, Illinois 60604, or before any judge who may be sitting in his place and stead, and shall then and there present Motion of Defendants Quad/Graphics, Inc., QLC Merger Sub, Inc. and LSC Communications, Inc. to Set Evidentiary Hearing Dates.

Dated:  June 26, 2019

Respectfully submitted,

By: /s/ James T. McKeown

James T. McKeown
Andrew J. Wronski
        (*pro hac vice* application pending)
Alyssa S. Markenson
        (*pro hac vice* application pending)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
jmckeown@foley.com
awronski@foley.com
amarkenson@foley.com

Joanne L. Molinaro
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500

Facsimile: (312) 832-4700
jmolinaro@foley.com

Benjamin R. Dryden
        (*pro hac vice* application pending)
Jesse L. Beringer
        (*pro hac vice* application pending)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: 202-672.5300
Facsimile: 202.672.5399
bdryden@foley.com
jberinger@foley.com

*Counsel for Defendants Quad/Graphics, Inc.
and QLC Merger Sub, Inc.*

Steven L. Holley
        (*pro hac vice* application pending)
Adam S. Paris
        (*pro hac vice* application pending)
Bradley P. Smith
        (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
holleys@sullrcrom.com
parisa@sullcrom.com
smithbr@sullcrom.com

Samantha F. Hynes
        (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
hyness@sullcrom.com

Bruce R. Braun
Scott D. Stein
Caroline A. Wong
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
bbraun@sidley.com
sstein@sidley.com
caroline.wong@sidley.com

*Counsel for Defendant LSC
Communications, Inc..*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 26, 2019, he electronically filed the foregoing *Notice of Motion, Motion to Set Evidentiary Hearing Dates and Memorandum of Points and Authorities in Support of Motion to Set Evidentiary Hearing Dates* using the Court's CM/ECF system on all counsel of record as listed below, and further certified that all counsel in the case are registered CM/ECF users.

- **Bruce Roger Braun** bbraun@sidley.com,efilingnotice@sidley.com,bruce-braun-9612@ecf.pacerpro.com
- **Benjamin R. Dryden** bdryden@foley.com
- **Steven Lyon Holley** holleys@sullcrom.com
- **Samantha Frances Hynes** hyness@sullcrom.com
- **William H. Jones , II** bill.jones2@usdoj.gov
- **Alyssa S. Markenson** amarkenson@foley.com
- **James T. McKeown** jmckeown@foley.com
- **Joanne L. Molinaro** jmolinaro@foley.com,dnichols@foley.com
- **Adam Seth Paris** parisa@sullcrom.com
- **Bradley Paul Smith** smithbr@sullcrom.com
- **Adam Colin Speegle** adam.speegle@usdoj.gov
- **Scott David Stein** sstein@sidley.com,efilingnotice@sidley.com,ecf-c0ced8899396@ecf.pacerpro.com
- **Caroline Anna Wong** caroline.wong@sidley.com,efilingnotice@sidley.com,caroline-wong-8422@ecf.pacerpro.com

/s/ James T. McKeown
James T. McKeown

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

QUAD/GRAPHICS, INC., *et al.*,

*Defendants*.

Case No. 1:19-cv-04153

## MOTION TO SET EVIDENTIARY HEARING DATES

Defendants Quad/Graphics, Inc. ("Quad"), QLC Merger Sub, Inc. ("QLC"), and LSC Communications, Inc. ("LSC," and together with Quad and QLC, "Movants") respectfully submit this motion to set a date for an evidentiary hearing on Plaintiff's (the "Division's") request to enjoin Quad's proposed acquisition of LSC, which the Division has been investigating for nearly eight months. Movants request an evidentiary hearing that will entail five days of live testimony and argument,[1] to begin on or about September 18, 2019. Such an expedited schedule is necessary because Quad's proposed acquisition of LSC must be completed on or before October 30, 2019, the Expiration Date, under the terms of Movants' Merger Agreement. Movants have conferred with the Division in advance of filing this Motion, but cannot agree on a timetable that would permit the case to be heard before the Expiration Date specified in the Merger Agreement. As a result, Movants are asking to secure a block of time on the Court's busy calendar with the

---

[1] Although the Division has previously indicated that it would proceed with a motion for preliminary injunctive relief, the Division has recently proposed that Movants consent to forgo a preliminary injunction hearing and agree not to close the transaction until after a decision is rendered by the Court following a full trial on the merits. Movants have not agreed to waive their right to a preliminary injunction hearing, but are prepared to proceed directly to a full trial in September 2019 in order to procure an adjudication on the merits prior to the Expiration Date if the Court would prefer to set an expedited schedule for trial.

expectation that, once that has happened, they and the Division can negotiate the interim deadlines required to be ready for an evidentiary hearing in 12 weeks.

Therefore, Movants respectfully request that the Court (a) enter an order setting dates in September 2019 for an evidentiary hearing on the Division's request for injunctive relief; (b) in the alternative, if the Court's docket does not permit an evidentiary hearing on this schedule, refer the evidentiary hearing to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Local Rule 72.1, and Fed. R. Civ. P. 72; and (c) if convenient for the Court, schedule a full status conference on July 1, July 2, or July 3, 2019 during which time the parties can present these issues.[2] The reasons for granting this Motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

By: /s/ James T. McKeown
James T. McKeown
Andrew J. Wronski
    (*pro hac vice* application pending)
Alyssa S. Markenson
    (*pro hac vice* application pending)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
jmckeown@foley.com
awronski@foley.com
amarkenson@foley.com

Joanne L. Molinaro
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

---

[2] If the Court schedules a full status conference for either July 1, July 2, or July 3, 2019, the parties will no longer need a hearing on the Motion on June 28, 2019 at 9:30 a.m., the date and time set forth on Movants' Notice of Motion pursuant to Local Rule 78.1.

Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jmolinaro@foley.com

Benjamin R. Dryden
         (*pro hac vice* application pending)
Jesse L. Beringer
         (*pro hac vice* application pending)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: 202-672.5300
Facsimile: 202.672.5399
bdryden@foley.com
jberinger@foley.com

*Counsel for Defendants Quad/Graphics, Inc.
and QLC Merger Sub, Inc.*

Steven L. Holley
         (*pro hac vice* application pending)
Adam S. Paris
         (*pro hac vice* application pending)
Bradley P. Smith
         (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
holleys@sullrcrom.com
parisa@sullcrom.com
smithbr@sullcrom.com

Samantha F. Hynes
         (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

3

Facsimile: (202) 293-6330
hyness@sullcrom.com

Bruce R. Braun
Scott D. Stein
Caroline A. Wong
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
bbraun@sidley.com
sstein@sidley.com
caroline.wong@sidley.com

*Counsel for Defendant LSC
Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Case No. 1:19-cv-04153 |
| QUAD/GRAPHICS, INC., *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO SET EVIDENTIARY HEARING DATES**

Defendants Quad/Graphics, Inc. ("Quad"), QLC Merger Sub, Inc. ("QLC"), and LSC

Communications, Inc. ("LSC," and together with Quad and QLC, "Movants") bring this *Motion*

*to Set Evidentiary Hearing Dates* (the "Motion") to secure time on the Court's calendar that will

allow the Court to consider and decide request by Plaintiff (the "Division") to enjoin Quad's

proposed acquisition of LSC prior to the expiration date specified in the Movants' Merger

Agreement.

As detailed herein, unless the Court holds an evidentiary hearing[1] on the expedited

schedule requested, the proposed acquisition that Movants have worked hard to complete since

last fall will not occur because the October 30, 2019 expiration date in the Merger Agreement will

have passed. The Division committed in writing to Movants that it would seek prompt preliminary

---

[1] Although the Division has previously indicated that it would proceed with a motion for preliminary injunctive relief, the Division has recently proposed that Movants consent to forgo a preliminary injunction hearing and agree not to close the transaction until after a decision is rendered by the Court following a full trial on the merits. Movants have not agreed to waive their right to a preliminary injunction hearing, but are prepared to proceed directly to a full trial in September in order to procure an adjudication on the merits prior to the Expiration Date if the Court would prefer to set an expedited schedule for trial.

injunctive relief, but the parties have been unable to agree on a schedule that meets that commitment. Without a prompt hearing, the Division would block the transaction through delay, rather than allowing the Court an opportunity to evaluate the merits of the Division's antitrust claims.

Accordingly, Movants respectfully request that the Court (a) enter an order scheduling a five-day evidentiary hearing in this matter to begin on or about **September 18, 2019**, or as soon thereafter as possible; (b) in the alternative, if the Court's docket does not permit an evidentiary hearing on this schedule, refer the evidentiary hearing to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Local Rule 72.1, and Fed. R. Civ. P. 72; and (c) if convenient for the Court, schedule a full status conference on July 1, July 2 or July 3, 2019 during which time the parties can present these issues.

### FACTUAL BACKGROUND

Quad and LSC are two predominantly commercial printers in a world where, for the past ten years, more and more printed content and advertising have moved to digital platforms such as Facebook and Google. As a result, demand for print has been declining rapidly. In the past eight months, publications such as *Money*, *ESPN The Magazine*, *Glamour*, *Brides*, *Seventeen*, *The Weekly Standard*, and *Motorcyclist* have all announced that they will no longer be print magazines but instead will make their content available exclusively on the Internet. Catalog publishers, such as Sears and Victoria's Secret, have similarly eliminated printed catalogs altogether or reduced the frequency or page counts of their printed catalogs in order to focus on marketing their products through websites, email, social media, etc. Book publishers, such as McGraw-Hill, are encouraging a shift towards "digital learning" over traditional print textbooks at both the K-12 and higher education levels. This dramatic shift from print to digital has left both Quad and LSC with a shrinking customer base and substantial excess capacity.

2

In the spring of 2018, Quad and LSC began exploring a potential merger of the two companies. Such a transaction would generate more than $100 million in recurring annual synergies and create a lower-cost print platform. The combined company would have the incentive to pass those savings on to customers to help keep print relevant in a world increasingly dominated by tech giants such as Facebook and Google.

The parties' Merger Agreement expressly provides that it can be terminated by either Quad or LSC if the merger is not consummated by October 30, 2019 (the "Expiration Date"). Given the disruption being experienced by both Quad and LSC from having their businesses in limbo for an extended period of time, Movants require prompt adjudication of the Division's request to enjoin their proposed transaction within the timeframe contemplated by the Merger Agreement. Without this, either Movant will be free to terminate the deal. Continued uncertainty is bad not only for Quad and LSC, but also for their customers, who will benefit from the more efficient and lower-cost print platform the transaction will enable.

Movants notified the Division of the proposed transaction, including the Expiration Date, on November 13, 2018, only two weeks after executing the Merger Agreement. Since then, Movants have expended enormous resources in cooperating with the Division's extensive investigation of the transaction. Movants produced nearly 20 million pages of documents from more than 40 custodians and dozens of shared network drives and provided the Division with voluminous data extracts from Quad's and LSC's databases. Movants also produced 22 officers and employees for full-day depositions at the Division's offices in Washington, D.C., submitted more than 300 pages of interrogatory-style answers to questions posed in the Division's requests for additional information (the "Second Requests"), submitted four "white papers" about the competitive effects of the transaction, and participated in numerous meetings and conference calls

3

with the Division. The Division also served Quad and LSC with four separate civil investigative demands for information not sought in the Second Requests, and Quad and LSC responded promptly to those demands. Finally, the Division has had nearly eight months to obtain documents and testimony from third parties using the Division's broad compulsory process powers, and Movants understand that the Division has taken a number of third-party depositions.

The Parties contemplated that the Division's investigation might result in litigation and a request by the Division for injunctive relief. Recognizing that time is of the essence to this transaction, Quad, LSC, and the Division entered into an agreement governing various aspects of how such litigation would proceed (the "Timing Agreement"). The Timing Agreement expressly provides as follows:

> If the Division files a complaint seeking to enjoin the Proposed Acquisition . . . the Parties agree that the Division need not seek a temporary restraining order. The Parties agree that they will not close, consummate, or otherwise complete the Proposed Acquisition until 12:01 a.m. on the thirty-first (31st day) after the complaint is filed. ***During this period, the Division and the Parties will use best efforts to agree on a reasonable schedule for a preliminary injunction hearing,*** including a schedule for the filing of papers in support and opposition to a preliminary injunction. . . .

(emphasis added).

After a nearly eight-month investigation, the Division filed suit to enjoin the merger last Thursday, June 20, 2019. The Division proposed that Movants (i) consent to forgo a preliminary injunction hearing; (ii) agree not to close the transaction until after a decision is rendered by the Court following a full trial on the merits; and (iii) schedule such a trial for December 2019, with post-trial briefing stretching into 2020—*i.e.*, months after the Expiration Date in the Merger Agreement.

Movants explained to the Division that such a schedule could effectively kill the transaction through delay, without any ruling on the merits. As a result, Movants counter-proposed (i) to

schedule either a trial on the merits or a preliminary injunction hearing in the middle of September 2019; and (ii) not to close the transaction until seven days after a favorable decision following that trial or preliminary injunction hearing. The parties remain at odds on the question of timing, leaving Movants with no choice but to bring this Motion in order to secure time on the Court's calendar for an anticipated five-day evidentiary hearing on the merits in September 2019 and a judicial decision before the end of October 2019.

## ARGUMENT

Without an evidentiary hearing in time to allow a decision addressing the merits before the October 30, 2019 Expiration Date, Movants face immediate and grave harm. After the Expiration Date, either Quad or LSC will be able to terminate the Merger Agreement, and Quad will be required to pay LSC a $45 million breakup fee. If the Expiration Date comes and goes without any decision on the merits of the Division's challenge, the merger of Quad and LSC may fall apart without Movants ever having had the chance to present their arguments to an independent trier of fact as to why the proposed transaction is not anticompetitive. In light of the Division's commitment in the Timing Agreement to negotiate a "reasonable schedule for a preliminary injunction hearing," and the extensive discovery the Division has already obtained during the past eight months of investigating the transaction, the Division will not suffer any prejudice should the Court schedule an evidentiary hearing for the middle of September 2019.

I.    **Movants Will Suffer Substantial Harm If An Evidentiary Hearing Is Not Held Prior To The Expiration Date, As Contemplated By The Parties' Timing Agreement.**

If the Expiration Date passes without consummation of the Merger Agreement, then either party has the unilateral right to terminate. Should either party exercise that right, Quad would be required to pay a $45 million breakup fee. Equally important, Quad, LSC, and their customers would lose the benefits of a transaction that promises to lower the combined company's printing

costs, thereby enabling it to continue offering lower prices to customers. Accordingly, if Movants are unable to secure a date that enables the Court to issue a decision prior to the Expiration Date, that may effectively block the transaction, not based on the merits of the Division's antitrust claims, but rather as a result of delay in process. Such a result would not be appropriate under the Timing Agreement or as a matter of procedural fairness in an antitrust case of this importance.

The Division might counter that Movants can simply agree to extend the Expiration Date, or that Movants can simply decline to exercise their termination rights, but that is much easier said than done. An extension would require the consent of both companies, and the ability to get that consent is highly uncertain in the present circumstances. LSC has lost valuable employees and customers as a result of the uncertainty generated by the Division's lengthy investigation of the transaction, so LSC needs clarity as soon as possible as to whether the transaction will proceed. Moreover, under the terms of Quad's financing agreements with lenders, if the transaction does not close by the end of October 2019, Quad must bear an additional $44,657 in interest costs per day (or approximately $1.3 million per month).

More importantly, Movants did not select the Expiration Date arbitrarily. The Expiration Date reflects a negotiated balance between the interests of allowing for a thorough review and providing Quad and LSC (and their customers, employees, and shareholders) with business certainty. One year is a very long time in a business where more and more customers are moving their content and advertising to digital platforms, driving down demand for print products. Quad needs to start realizing the very substantial synergies the transaction will generate without further delay, and Quad's creation of a lower-cost print platform will benefit not only the combined company, but its customers as well, as Quad has the incentive to pass savings on to customers to slow the accelerating trend towards digital substitution.

Quad and LSC both need either (1) to complete the transaction before the end of October 2019 so they can start realizing synergies as a combined firm, or (2) to take action separately to address the serious issue of excess capacity. The latter course will impose greater burdens on, and achieve less cost savings for, customers than would be the case if the combined company assembles the most efficient and cost-effective platform.

To avoid the burden on the Division of seeking a temporary restraining order, Movants agreed with the Division that they would not close the transaction until the 31st day after the Division filed a lawsuit seeking to block the transaction. However, Movants need to know as quickly as possible whether the Court agrees with their position that the Division cannot prove that the transaction will substantially lessen competition. If the Court's schedule does not permit an evidentiary hearing in mid-September, Movants respectfully suggest that the Court refer the evidentiary hearing to Magistrate Judge Gilbert and have him hear the matter pursuant to 28 U.S.C. § 636(b)(1), Local Rule 72.1, and Fed. R. Civ. P. 72. *See, e.g. K.P. v. City of Chicago SD #299*, No. 14 C 7296, 2015 WL 832355, at *1 (N.D. Ill. Feb. 25, 2015) (adopting magistrate judge's report and recommendation issued under 28 U.S.C. § 636(b)(1)(B) and recommending that plaintiff's motion for a preliminary injunction be denied); *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc.*, No. 06 C 4803, 2007 WL 2608827, at *1 (N.D. Ill. Sept. 6, 2007) (observing that a district judge may designate a magistrate judge to conduct evidentiary hearings on dispositive motions, "such as motions for injunctive relief" pursuant to 28 U.S.C. § 636(b)(1)(B), and "submit to the district judge proposed findings of fact and recommendations").

The Division has publicly recognized the importance of completing antitrust reviews of pending mergers expeditiously to give merging parties the opportunity to realize legitimate synergies. As the Assistant Attorney General for the Division has explained: "Delay is a form of

7

uncertainty and risk, and [the Division] should seek to remove it from the merger-review process whenever possible." Makan Delrahim, Assistant Att'y Gen., Antitrust Div., U.S. Dep't of Justice, *It Takes Two: Modernizing the Merger Review Process*, Remarks at the 2018 Global Antitrust Enforcement Symposium (Sept. 25, 2018), https://www.justice.gov/opa/speech/assistant-attorney-general-makan-delrahim-delivers-remarks-2018-global-antitrust.

In light of the serious adverse consequences resulting from delay, merger challenges are frequently heard on an expedited basis. *See, e.g.*, *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 165 (D.D.C. 2018) (explaining that "[t]he parties have engaged in a highly accelerated discovery schedule" to prepare for an expedited trial before the upcoming expiration of the merger agreement, to avoid a $500,000,000 fee if the merger was not consummated before the expiration date); *United States v. US Airways Grp, Inc.*, 972 F. Supp. 2d 33, 34–35 (D.D.C. 2013) (denying the Government's motion to stay litigation because "[t]his case involves a pending merger agreement between two major airlines, with a deadline for completion of January 18, 2014," and noting that "because of the need for the prompt resolution of this matter, the Court has set an expedited discovery and trial schedule" and "[a] stay at this point would undermine this schedule and delay the necessary speedy disposition of this matter").

Here, Movants will suffer substantial harm unless an evidentiary hearing is scheduled soon. As a result, Movants respectfully request that the Court schedule a five-day evidentiary hearing in the middle of September 2019 or, if that is not possible given the Court's docket, refer the evidentiary hearing to Magistrate Judge Gilbert.

## II. The Division Will Not Be Prejudiced By Expedited Discovery And A Prompt Hearing Date.

In contrast to the substantial harm Movants will suffer if they cannot present their arguments on the merits to the Court and obtain a decision prior to the Expiration Date, the

Division will not suffer any prejudice from setting a hearing date in the middle of September. The Division has been thoroughly investigating this merger for nearly eight months, and has been provided with huge amounts of information relevant to that investigation by Quad and LSC, including nearly 20 million pages of documents from more than 40 custodians and dozens of shared network drives, voluminous extracts from Quad's and LSC's databases, and more than 300 pages of interrogatory-style responses. Moreover, unlike Movants, the Division has already had the opportunity to seek discovery from third parties, and has in fact obtained such third-party discovery. The Division has also already taken 22 party depositions, and the competitive issues to be decided in this case have been explored in depth in four separate "white papers" submitted by Movants. The arguments that Movants intend to make about the absence of anticompetitive effects from the transaction are well-known to the Division. While the Movants do not dispute that the Division will need to proffer admissible expert testimony and may wish to seek some additional third-party discovery in order to prepare for a preliminary injunction hearing, such additional discovery should not be allowed to push the closing of the transaction past the Expiration Date.

Movants also stand ready to work with the Division on a "reasonable post-complaint discovery period prior to any preliminary injunction hearing," in keeping with the Timing Agreement. Movants remain confident that, once the Court sets the dates for an evidentiary hearing, the parties will be able to agree on the interim deadlines needed to prepare for that hearing.

## CONCLUSION

For all of the foregoing reasons, Movants respectfully request that the Court (a) enter an order scheduling a five-day evidentiary hearing in this matter to begin on or about **September 18, 2019**, or as soon thereafter as possible; (b) in the alternative, if the Court's docket does not permit an evidentiary hearing on this schedule, refer the evidentiary hearing to the Magistrate Judge

9

pursuant to 28 U.S.C. § 636(b)(1), Local Rule 72.1, and Fed. R. Civ. P. 72; and (c) if convenient

for the Court, schedule a full status conference on July 1, July 2, or July 3, 2019 during which time

the parties can present these issues.

Respectfully submitted,

By: /s/ James T. McKeown

James T. McKeown
Andrew J. Wronski
      (*pro hac vice* application pending)
Alyssa S. Markenson
      (*pro hac vice* application pending)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
jmckeown@foley.com
awronski@foley.com
amarkenson@foley.com

Joanne L. Molinaro
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jmolinaro@foley.com

Benjamin R. Dryden
      (*pro hac vice* application pending)
Jesse L. Beringer
      (*pro hac vice* application pending)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: 202-672.5300
Facsimile: 202.672.5399
bdryden@foley.com
jberinger@foley.com

*Counsel for Defendants Quad/Graphics, Inc.*
*and QLC Merger Sub, Inc.*

Steven L. Holley
      (*pro hac vice* application pending)
Adam S. Paris
      (*pro hac vice* application pending)
Bradley P. Smith
      (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
holleys@sullrcrom.com
parisa@sullcrom.com
smithbr@sullcrom.com

Samantha F. Hynes
      (*pro hac vice* application pending)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
hyness@sullcrom.com

Bruce R. Braun
Scott D. Stein
Caroline A. Wong
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
bbraun@sidley.com
sstein@sidley.com
caroline.wong@sidley.com

*Counsel for Defendant LSC*
*Communications, Inc.*

11